No. 5955.—Insular Motor Corp., etc.; aplda., *v.* Paz Ruiz, et. als., apltes.—C. D. San Juan. Febrero 17, 1933.

(Por la corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, los únicos señalamientos de errores son:

"Primero: Error de hecho y de derecho al declarar que el contrato de venta condicional del automóvil vendido por la demandante apelada no quedó novado por la nueva obligación que convino la referida demandante apelada con el otro demandado Santiago Paz Jr., porque esta nueva obligación nunca llegó a existir.

"Segundo: Error de hecho y de derecho al no reconocer que la novación no extingue la obligación de los demandados apelantes con la demandante apelada."

Por cuanto, el segundo de estos dos supuestos errores no puede existir si no existe el primero.

Por cuanto, según el artículo 1159 del Código Civil (Ed. 1930):

"La novación, que consiste en substituirse un nuevo deudor en lugar del primitivo, puede hacerse sin conocimiento de éste, pero no sin el consentimiento del acreedor."

Por cuanto, la conclusión a que llegó el juez de distrito se fundó en prueba testifical suficiente para sostener aquélla, al efecto de que la demandante había convenido en la propuesta sustitución del nuevo deudor a condición de que la firma de éste sería garantizada por la de un nuevo fiador, condición que nunca llegó a cumplirse.

Por cuanto, ni el hecho de que el nuevo deudor firmó unos pagarés y pagó uno de ellos, de que un banco le escribiera dos cartas cobrándole dos obligaciones subsiguientes a la pagada por él, de que le traspasara la licencia del carro, ni el de haberse incluído el nuevo

deudor, como demandado en el presente litigio, puede cambiar la situación o convertir en novación algo que no lo era, por falta del cumplimiento de la condición *sine qua non* de un nuevo fiador exigida por el acreedor.

Por TANTO, se confirma la sentencia apelada que dictó la Corte de Distrito de San Juan en 3 de noviembre de 1930. Comuníquese.